IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUSTIN BLEA,

    Petitioner,

vs.                                                      No. CIV 23-1065 JB/K
                                                          No. CR 20-1630 JB/KK

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Petitioner Dustin Blea's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 29, 2023 (CIV Doc. 1; CR Doc. 66)("Motion"). Blea is a federal prisoner. He alleges three separate claims of ineffective assistance of counsel. Having reviewed the parties' submissions and the record, the Court denies the first two claims with prejudice. As for the third claim, which alleges his counsel was ineffective for failing to consult with him regarding a notice of appeal, this limited issue must be resolved following an evidentiary hearing. The Court already has appointed counsel to this matter, who shall represent Blea at the hearing. Consequently, the Court denies without prejudice Blea's motion requesting that he be permitted to proceed pro se.

**BACKGROUND**

On January 9, 2019, a confidential informant assisted State law enforcement officers organize a controlled purchase of narcotics from Blea. See Presentence Investigation Report at 4, filed October 6, 2022 (CR Doc. 58)("PSR"). Blea arrived to meet with the confidential informant, but fled before he could be apprehended. See PSR ¶ 11, at 4. On the same day, a second confidential informant contacted law enforcement to inform them of the location of a

storage unit where Blea and another individual keep narcotics and warn the unit is about to be emptied. See PSR ¶ 11, at 4. A State court issued a search warrant and, upon execution, the officers found what was tested and confirmed to be thirteen pounds or 5,896.7 grams of methamphetamine, and a half pound or 226.796 grams of heroin. See PSR ¶ 12, at 4.

On January 31, 2019, federal agents seized 9,028 grams of methamphetamine and 978 grams of heroin at the Las Cruces, New Mexico border checkpoint port of entry. See PSR ¶ 13, at 4. A third confidential informant involved with the seized narcotics told agents that Blea, who had fled to Mexico, instructed her to transport the seized narcotics from Mexico to Texas and to New Mexico. See PSR ¶ 13, at 4. During the transport, the informant, under Blea's direction contacted a person known as "Krupt" to take possession of the narcotics. PSR ¶ 15, at 5.

On August 25, 2020, Blea was charged with conspiracy to distribute fifty grams and more of methamphetamine in violation of 2l U.S.C. §§ 841(a)(l) and (b)(l)(A), and 100 grams and more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). See Indictment at 1-2, filed August 25, 2020 (CR Doc. 4)("Indictment"). In 2022, Blea pled guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) Plea Agreement, in which the parties agreed to a specific sentence of 180 months of imprisonment with the Court determining the amount of restitution, and the length and conditions of supervised released, after reviewing additional evidence. See Plea Agreement, filed July 13, 2022 (CR Doc. 56)("Plea Agreement"). Within the Plea Agreement, Blea admits the following facts:

> On or about January 31, 2019, I, Dustin Blea, knowingly and voluntarily conspired with others to import 9,028 actual grams of methamphetamine and 978 grams of heroin into the United States for our mutual benefit. I knew the products were methamphetamine and heroin, and the products were intended to be distributed to others in the District of New Mexico. This conspiracy occurred with individuals who I knew were in the State and District of New Mexico.

Plea Agreement ¶ 9, at 4-5.

The United States Probation and Pretrial Services PSR assesses the base offense level at 38.  See PSR ¶ 21, at 6.  Pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(12), Blea receives a 2-level enhancement, because he maintained a premises for the purpose of manufacturing or distributing a controlled substance.  See PSR ¶ 22, at 6.  Pursuant to U.S.S.G. § 3B1.1(a)(1), he receives a second 2-level increase because of his role as the criminal activities leader or organizer.  See PSR ¶ 24, at 6.  He receives a total reduction of 3 levels for his acceptance of responsibility.  See PSR ¶¶ 28-29, at 7.  The PSR identifies Blea as a career offender and calculates the advisory sentencing guidelines range as 360 months to life imprisonment.  See PSR ¶ 80, at 17.  Notably, the enhancements do not change the sentencing guidelines range.

On November 17, 2022, the Court accepts the rule 11(c)(1)(C) Plea Agreement and sentences Blea to a total term of 180 months imprisonment and 5 years of supervised release.  See Judgment in a Criminal Case at 2-3, CR 01-0630-1 filed December 27, 2022 (CR Doc. 65)("Judgment").  Blea does not file an appeal.

On November 29, 2023, Blea files the Motion seeking to vacate the conviction and sentence, on the basis of ineffective assistance of counsel.  See Motion at 5.  The Motion asserts three grounds for relief: (i) Claim 1 counsel fails to challenge the indictment as defective, because it did not identify the names of coconspirators, and moves for its dismissal; (ii) Claim 2 counsel erroneously advises him to accept the Plea Agreement that contains drug quantities in excess of what the indictment charges; and (iii) Claim 3 counsel does not advise him on the advantages and disadvantages of filing a notice of appeal.  The Defendant files United States' Ex Parte Response to Defendant's Motion Under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on July 11, 2024 (CIV Doc. 9)("Gov't Response"), with

supporting supplemental materials, and Blea filed Movant's Reply Brief as to ECF No. 9, filed on January 27, 2025 (CIV Doc. 12)("Reply").

## LAW REGARDING 28 U.S.C. § 2255 HABEAS RELIEF

Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The defendant must file the initial motion under 28 U.S.C. § 2255 with the court that imposed the sentence for that court's consideration. See Browning v. United States, 241 F.3d 1262, 1264 (10th Cir. 2001). Habeas Corpus Rule 4(b) states: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Habeas Corpus Rule 4(b).

Section 2255 further provides that a United States Court of Appeals panel must certify a second or successive motion in accordance with § 2244 to contain: (i) newly discovered evidence that would be sufficient to establish by clear-and-convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (ii) a new rule of constitutional law that previously was unavailable and the Supreme Court made retroactive to cases on collateral review. See 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction to consider a second or successive motion absent the requisite authorization.

## LAW REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WHEN THE DEFENDANT PLED GUILTY

To succeed on an ineffective assistance of counsel claim, a defendant must show: (i) that his lawyer's performance is deficient, i.e., below the level expected from a reasonably competent attorney in criminal cases; and (ii) that he suffers prejudice, meaning that there is a reasonable probability that the result would have been different but for his lawyer's unprofessional errors. See United States v. Cruz, 774 F.3d 1278, 1284-85 (10th Cir. 2014)(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)("Strickland")).  In the context of a defendant who pled guilty, the prejudice prong requires that the defendant "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985)("Hill").  See United States v. Weeks, 653 F.3d 1188, 1201 (10th Cir. 2011) (quoting Hill, 474 U.S. at 59).  "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.

## ANALYSIS

The Court begins its analysis by examining Count 1, Blea's ineffective-assistance-of-counsel claim based on counsel allegedly failing to challenge his indictment.  Next, the Court considers Count 2, Blea's ineffective-assistance-of-counsel claim based on counsel allegedly failing to challenge the drug quantities in the presentence investigation report.  Finally, the Court considers Count 3, Blea's ineffective-assistance-of-counsel claim based on counsel allegedly failing to consult with him regarding a notice of appeal.

**I.   THE COURT DISMISSES COUNT 1, INEFFECTIVE-ASSISTANCE-OF-COUNSEL FOR FAILING TO CHALLENGE THE INDICTMENT.**

Blea contends that his counsel "provided him with 'deficient performance' by failing to conduct adequate legal research; failing to thoroughly review [the] Indictment; and failing to file a pre-trial Motion to Dismiss [the] Fatally Defective Indictment." Motion at 4. Specifically, Blea argues his Indictment is defective, because it does not identify the names of the alleged individuals with whom he conspired with to distribute the controlled substances. See Motion at 22, 25.

There is nothing in the record to suggest that the Indictment is defective or fails to state a crime. The Indictment reads as follows in its' entirety:

> From on or about January 22, 2019, and continuing to on or about January 31, 2019, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, DUSTIN BLEA, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 21 U.S.C. § 841(a)(1), specifically, distribution of controlled substances.
>
> Quantity of Methamphetamine Involved in the Conspiracy
>
> With respect to DUSTIN BLEA, the amount of methamphetamine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams and more of methamphetamine, contrary to 21 U.S.C. § 841(b)(1)(A).
>
> Quantity of Heroin Involved in the Conspiracy
>
> With respect to DUSTIN BLEA, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams and more of a mixture and substance containing a detectable amount of heroin, contrary to 21 U.S.C. § 841(b)(l)(B).

Indictment at 1-2.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant

to assert a double jeopardy defense." United States v. Gama-Bastidas, 222 F.3d 779, 785 (10th Cir. 2000); United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment generally is sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.'" United States v. Salazar, 720 F.2d 1482, 1486 (10th Cir. 1983), cert. denied, 469 U.S. 1110 (1985). "'[T]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved.'" United States v. Carillo, No. CR 06-1534 JC, 2006 WL 8443912 at *2 (D.N.M. Sept. 27, 2006)(Conway, J.)("Carillo")(quoting United States v. Kendall, 665 F. 2d 126, 135 (7th Cir. 1981)). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it 'need not go further and allege in detail the factual proof that will be relied upon to support the charges.'" United States v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008)(quoting United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 2006)).

Here, the indictment is sufficient, because it contains the elements of the offense against Blea; cites to the corresponding statutory authority fairly to inform him of the charge; and includes the dates of the illegal activity, the location, and the specific controlled substances involved. Such information enables Blea to plead an acquittal or conviction to the charge as a bar to future prosecution for the same offense. Furthermore, the United States' counsel represents that, in addition to the specific factual allegations within the indictment, it has provided Blea with "two discovery disclosures," containing reports, search warrants, audio recordings, photographs, texts messages, a laboratory analysis, a ledger, iPhone data and an extraction,[1] iCloud data and an

---

1 Digital forensic examiners employ iPhone data extraction to retrieve information stored within an Apple iOS device. See Nat'l Inst. of Standards and Tech., Guidelines on Mobile Device Forensics, NIST SP 800-101 Rev. *3 (2014), https://csrc.nist.gov/pubs/sp/800/101/r1/final ("Forensics Guidelines"). The process typically involves connecting the device to a forensic

extraction, and the identities of at least two of his co-conspirators.   Gov't Response at 11.

Significantly, this Court has held that an indictment does not require co-conspirators to be named.   See United States v. Gonzalez, No. CR 22-0896 MLG, 2024 WL 3445049, at *3 (D.N.M. July 16, 2024)(Garcia, J.)("Details about the firearms wielded or identities of the co-conspirators is not required[.])(citing United States v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008)(explaining an indictment "need not . . . allege in detail the factual proof that will be relied upon to support the charges")(quotation omitted)).   See also United States v. Guillen-Zapata, No. CR 03-0210 WPJ, 2006 WL 8443308, at *1 (D.N.M. Dec. 22, 2006)(Puglisi, J.), report and recommendation adopted, No. CR 03-0210 WPJ, 2007 WL 9734824 (D.N.M. Jan. 12, 2007)(rejecting argument that indictment needs to identify all individuals with whom a defendant conspired); Carillo, 2006 WL 8443912, at *1.

Thus, there is no showing that Blea's counsel was ineffective in failing to file a motion to challenge the Indictment, because nothing in the record suggests that any such motion would have been successful or caused Blea to reject his plea offer and insist on going to trial.   It is not ineffective assistance of counsel to fail to make meritless arguments.   See Martin v. Kaiser, 907 F.2d 931, 936 (10th Cir. 1990)(citing Strickland, 466 U.S. at 694 (concluding that there is no ineffective assistance absent showing of reasonable probability that outcome would have been different)).

---

workstation and using specialized software, the examiner performs logical or physical acquisition of the data from the device.   See Forensics Guidelines at *17.   A logical extraction retrieve data accessible through the iOS file system without altering the devices content.   See Forensics Guidelines at *15.   In contrast, manual extraction methods can alter the devices content, because it involves recording information brought up on a mobile device screen when employing the user interface.   See Forensic Guidelines at * 15.

## II. THE COURT DISMISSES COUNT 2, INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO CHALLENGE DRUG QUANTITIES.

Blea argues his attorney is ineffective for "failing to oppose or failing to negotiate with the Government," and advising him to accept a plea agreement that contains a drug quantity higher than what the Indictment states. See Motion at 7-8. In the Plea Agreement, Blea admits that he "knowingly and voluntarily conspired with others to import 9,028 actual grams of methamphetamine and 978 grams heroin into the United States[,]" Plea Agreement ¶ 9, at 4; whereas the Indictment charges him with "50 grams and more of methamphetamine," and "100 grams and more of a mixture and substance containing a detectable amount of heroin[,]" Indictment at 1-2.

The Tenth Circuit has rejected the argument that an indictment must charge the exact drug quantity. See United States v. Gregory, No. CR 98-0659 JP, 2002 WL 35649564, at *3 (D.N.M. Oct. 29, 2002)(Garcia, J.)("Gregory")(citing United States v. Kirtman, 33 Fed. Appx. 401, 2002 WL 189054 (10th Cir. 2002)). Rather, "[i]t is only when drug quantity is used to enhance a sentence beyond the statutory maximum that it must be charged with specificity in the indictment." Gregory, 2002 WL 35649564, at *3 (citing Apprendi v. New Jersey, 530 U.S. 466, 489 (2000)). See United States v. Hill, 23 F. App'x 947, 948 (10th Cir. Dec. 5, 2001)(same holding).

As the United States asserts in its Response, the base offense level for the 9,028 actual grams of methamphetamine that was seized on January 31, 2019 is 38. See USSG § 2D1.1(c)(1). Although the PSR assesses an additional 5896.7 actual grams of methamphetamine and a total of 1204.769 grams of heroin, these quantities do not change the applicable base offense level of 38. See PSR ¶ 21, at 6. Thus, Blea's attorney was not ineffective in his negotiations with the United States and with his advice to his client, because the base offense level of 38 remains the same for

the Plea Agreement's factual basis and for the Indictment's charge. In other words, the Plea Agreement's drug quantities do not unconstitutionally enhance his sentence beyond the statutory maximum. Thus, Blea's ineffective-assistance-of-counsel claim does not survive the required two-pronged showing under Strickland, because there is no increase to his statutory maximum sentence, and his sentence is well below the applicable sentencing guideline range. See United States v. Gonzales, No. CR 99-1189 BB, 2002 WL 35650135, at *4 (D.N.M. Jan. 23, 2002)(Garcia, J.).

### III. THE COURT DISMISSES COUNT 3: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO CONSULT WITH HIM ON A NOTICE OF APPEAL.

Last, Blea asserts that, despite expressing disappointment in his federal sentence, his attorney failed to consult with him regarding his rights to file a notice of appeal. See Motion at 10. He attests in a signed affidavit that he would have instructed his attorney to file an appeal had they discussed the option. See Motion at 19. The United States does not respond in substance and, instead, requests that the Court hold an evidentiary hearing to determine the credibility of Blea's claim regarding an appeal in light of his Plea Agreement's appellate waiver. See Gov't Response at 3, 15-16. The Court, therefore, concludes that these facts require a limited evidentiary hearing. The Court orders appointed counsel, Monnica Lynn Barreras, to represent Blea with respect to this issue.

**IT IS ORDERED** that: (i) Petitioner Dustin Blea's Motion to Vacate Sentence Under 28 U.S.C. § 2255, filed November 29, 2023 (CIV Doc. 1; CR Doc. 66), is denied except as to the claim that counsel failed to advise him regarding an appeal; (ii) Blea's Motion to Withdraw Counsel of Record, filed January 27, 2025 (CIV Doc. 11), is denied without prejudice; (iii) under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A appointed counsel CJA, Monnica Lynn

Barreras, shall assist Blea at the evidentiary hearing in presenting his claim regarding plea counsel's failure to advise him regarding an appeal; and (iv) the Court will conduct a hearing on the sole remaining issue, i.e., that counsel rendered Constitutionally ineffective assistance by failing to advise him regarding an appeal.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Monnica Lynn Barreras
Law Office of Monnica L. Barreras, LLC
Albuquerque, New Mexico

    *Attorneys for the petitioner*